UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHA DIETZ,<br><br>       Plaintiff,<br><br>  v.<br><br>RELIABLE MEDICAL SUPPLY<br>INVESTCO, LLC,<br><br>       Defendant. | Case No. 26-cv-06202-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

This Court orders Defendant Reliable Medical Supply Investco, LLC to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

Defendant claims that there is diversity of citizenship because Plaintiff resides in California and Defendant's state of incorporation and principal place of business is in Tennessee. ECF 1 ¶ 13. But "for the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage,*

*LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Without information on the citizenship of Defendant's owners/members, this Court cannot assess whether complete diversity exists.

Accordingly, Defendant must show cause in writing by July 8, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction.   The Court reminds Defendant that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  June 24, 2026    _____

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California

2