UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHA DIETZ,<br><br>Plaintiff,<br><br>v.<br><br>RELIABLE MEDICAL SUPPLY INVESTCO, LLC,<br><br>Defendant. | Case No. 26-cv-06202-NC<br><br>**SECOND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

This Court orders Defendant Reliable Medical Supply Investco, LLC to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

This Court previously ordered Defendant to "show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction." ECF 8 at 1. The Court stated that "for the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Id.* at 1–2 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). As such, the Court found that it could not "assess whether complete diversity exists" because Defendant did not provide "information on the citizenship of Defendant's owners/members." *Id.* at 2.

Defendant timely filed a response to the Court's initial order to show cause. ECF 11. Defendant's response alleges that each of its three members "resided and continues to

United States District Court
Northern District of California

reside in Arlington, Tennessee, Nashville, Tennessee, and Woodland Hills, Utah, respectively, and thus, "Defendant is not a citizen of the State of California." ECF 11 at 2. Defendant's response is not enough to show diversity jurisdiction.

First, the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Defendant failed to allege where its members are domiciled.

Second, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Defendant only alleges that it is "*not* a citizen of the State of California." ECF 11 at 2 (emphasis added).

Therefore, this Court cannot assess whether complete diversity exists. Defendant must show cause in writing by July 17, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction. The Court again reminds Defendant that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California

2